UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUUL LABS, INC., | Civil Action No.: 18-9233 |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |
| v. | |
| KING DISTRIBUTION LLC, XTRA SMOKE SHOP LLC, FADI SALIM, and JOHN DOEs 1 – 50, | |
| Defendants. | |

**THIS MATTER** having been brought before the Court by Saiber LLC and Sterne, Kessler, Goldstein & Fox P.L.L.C., attorneys for plaintiff Juul Labs, Inc. ("Juul") pursuant to Federal Rule of Civil Procedure 65(a) and Local Rule 65.1, for an Order to Show Cause why a preliminary injunction should not issue against defendants King Distribution LLC ("King"), Xtra Smoke Shop LLC ("Xtra Smoke Shop"), Fadi Salim ("Salim"), and JOHN DOEs 1 – 50 (collectively, "Defendants"), and why the relief demanded in the Verified Complaint should not be granted.

The Court having reviewed the Verified Complaint, the Declarations of Joanna Engelke, ▮▮▮▮▮▮▮▮▮ and Charles Robbins with exhibits attached thereto, and Brief submitted in support hereof; and it appearing that Juul has suffered irreparable harm and injury; and to prevent any further irreparable injury that will result to Juul and the general public if the restraints requested herein are not issued prior to the return date of the Order to Show Cause; and it further appearing that the matter presented herein is of a sufficiently emergent nature to justify the entry of the within Order and that this application is properly addressed by Order to Show Cause rather than by motion; and it further appearing that advance notice of this application was provided to the Defendants and

Defendants having appeared by or through counsel or as otherwise indicated on the record of this matter; based upon the findings of fact and conclusions of law as reflected or otherwise set forth in the record herein; and for other and good cause shown;

**IT IS** on this *15th* day of *May*, 2018,

**ORDERED** as follows:

A.  That each of the Defendants shall appear and show cause on the *23rd* day of *May*, 2018, before the United States District Court for the District of New Jersey, Hon. *S.D. Wigenton*, at *Courtroom 5C*, located at *Newark, NJ* at *11:30* o'clock in the *forenoon*, or as soon thereafter as counsel can be heard, why a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not issue in this action enjoining, jointly and severally, Defendants, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, control of Defendants, and all those persons aiding, abetting, or acting in concert or participation with Defendants who receive actual notice of the Order by personal service or otherwise, pending the final disposition of this action, from:

1.  Directly or indirectly adopting, using, registering, or seeking to register any trademark, service mark, trade dress, or other type of mark, material, company, business or domain name, or other name, that would cause a likelihood of confusion with or otherwise infringe Juul's trademarks or trade dress, as alleged in the Verified Complaint herein. Included within the meanings of a likelihood of confusion and infringement are any mark, name, package, or product that would cause a false or misleading association, connection, sponsorship, or affiliation with or endorsement by Juul;

2.  Manufacturing, shipping, delivering, holding for sale, advertising, marketing, promoting, displaying, transferring or otherwise moving, storing, distributing, renting, or otherwise disposing of, in any manner, any nicotine vaporizer pods, e-cigarette and/or related products in connection with the Juul Pod Logo Trademark and Juul Packaging Trade Dress, or any mark, name, or trade dress confusingly

similar to the Juul Pod Logo Trademark and Juul Packaging Trade Dress or colorable imitations thereof, as defined in the Verified Complaint;

3. Further infringing Juul's trademarks, and trade dress, as alleged in the Verified Complaint, and from injuring and damaging Juul's goodwill; and

4. Doing any act or thing likely to confuse, mislead or deceive others into believing that Defendants, and/or their products or services, emanate from or that Defendants themselves are connected with, sponsored by, endorsed by, or approved by, or otherwise affiliated with Juul.

B. Juul shall serve a copy of this Order to Show Cause, the Verified Complaint, its Brief, supporting declarations and all exhibits attached thereto upon each of the Defendants or their counsel within three (3) business days of the date of the entry of this Order by one of the following alternative methods of service and without the need for any summons relating thereto, any of which means of service shall be deemed sufficient service of process upon each of the Defendants by: (a) personal service; (b) electronic mail along with first class mail; (c) express messenger service (e.g., Federal Express, UPS, etc.); or (d) Certified Mail, Return Receipt Requested, and simultaneously by first-class mail.

C. Each of the Defendants shall file an Answer to the Verified Complaint with the Court and serve a copy upon Juul's counsel within _____ days from the date of service upon each of the said Defendants of the Verified Complaint, and if one of the Defendants fails to so file and serve its Answer, judgment by default may be entered against that defendant for the relief demanded in the Verified Complaint.

D. Juul is hereby granted leave to conduct immediate pretrial discovery proceedings concurrent with the service of the Verified Complaint, Order to Show Cause and supporting papers, including the right to (a) obtain answers to interrogatories and receive the production of documents and the responses thereto within five (5) business days of service by

3

Juul of those discovery requests upon each of the Defendants; and (b) take depositions within five (5) business days of service by Juul of a notice to take such depositions addressed to a party (including any Rule 30(b)(6) deposition), and/or with respect to the service of a subpoena addressed to a non-party. Service thereof may be effected in accordance with any of the provisions of paragraph B(a)-(d) above. This order relating to expedited discovery is without prejudice to Juul's right to conduct additional discovery proceedings in accordance with the procedures of the Federal Rules of Civil Procedures, Local Civil Rules of this Court, and in accordance with the scheduling orders of the Magistrate Judge assigned to this matter.

    E.    That the Defendants, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, control of Defendants, and all those persons aiding, abetting, or acting in concert or participation with Defendants who receive actual notice of the Order by personal service or otherwise, shall preserve and maintain all e-mails, other electronic information, documents, tangible evidence and other forms of information referring or in any way relating to the subject matter of this case, Juul's trademarks and trade dress, and any and all matters arising from and relating to the matters referenced in the Verified Complaint, and shall not otherwise secret destroy, remove or otherwise hinder or prevent the timely production of such e-mails, other electronic information, documents, tangible evidence and other forms of information.

    F.    That the Defendants, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, control of Defendants, and all those persons aiding, abetting, or acting in concert or participation

with Defendants who receive actual notice of the Order by personal service or otherwise, shall provide to Juul's counsel a list or other compilation of the identity, addresses and phone numbers of all suppliers, and manufacturers of any of the 3X brand nicotine vaporizer pods, nicotine vaporizer/e-cigarette and/or related products, or any products under Defendants' control that comprise a mark, name, or trade dress confusingly similar to the Juul Pod Logo Trademark and Juul Packaging Trade Dress or colorable imitations thereof, as defined in the Verified Complaint.

G. Defendants, if they oppose Juul's application for a Preliminary Injunction, shall file and serve a written response and other submissions, if any, on or before *Fri, May 18*, 2018 and simultaneously serve such submissions upon the attorneys for Juul by e-mail and overnight messenger (e.g., Federal Express). Thereafter, Juul may serve and file any reply brief or other reply submissions in the same manner on or before *Tues, May 22*, 2018.

H. If the Defendants do not file and serve an opposition to this Order to Show Cause, the application *may* be decided on the papers on the return date and relief may be granted by default, provided that Juul files a proof of service and a proposed form of Order at least two (2) days prior to the return date.

I. If Juul has not already done so, a proposed form of Order addressing the relief sought on the return date must be submitted to the Court no later than two (2) days before the return date.

_____
UNITED STATES DISTRICT COURT JUDGE

✱ A certification outlining efforts to communicate with Defendants must be filed by May 16, 2018, at 2PM.