UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUUL LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KING DISTRIBUTION LLC, <br> XTRA SMOKE SHOP LLC, <br> FADI SALIM, and <br> JOHN DOEs 1-50, <br><br> Defendants. | Civil Action No.: 18-9233 (SDW) |

## CONSENT PRELIMINARY INJUNCTION ORDER

**WHEREAS**, Defendants King Distribution LLC, Xtra Smoke Shop LLC, and Fadi Salim (collectively, "Defendants") in concert with John Does, distribute and sell disposable nicotine vaporizer pods under the name "3X" ("3X pods");

**WHEREAS**, Plaintiff Juul Labs, Inc. ("Juul") commenced this action against the Defendants by filing a Verified Complaint alleging, among other things, that the 3X pods infringe on Juul's trademark and trade dress, a Memorandum of Law in Support of Juul's Motion for Preliminary Injunction, and related papers on May 15, 2018, and served them on each of the Defendants on May 16, 2018;

**WHEREAS**, this Court on May 15, 2018 issued an Order To Show Cause Why A Preliminary Injunction Should Not Issue ("OTSC") against the Defendants and their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, and/or control of Defendants, and all those persons aiding,

abetting, or acting in concert or participation with Defendants who receive actual notice of the Order by personal service or otherwise;

**WHEREAS**, on May 18, 2018, Defendants, through their counsel Alan S. Golub, Esq., Fein, Such, Kahn & Shepard, P.C., contacted Plaintiff Juul's counsel in an effort to respond to the OTSC while Defendants negotiated with Plaintiff Juul regarding proposed modifications to the 3X pods and packaging of Defendants' 3X pods that is the subject of the claims in the Verified Complaint, such that the claims raised in Juul's Complaint are resolved to Juul's satisfaction.

**WHEREAS**, Defendants agree to the entry of this Consent Preliminary Injunction that enjoins Defendants and each of them, as set forth in the OTSC of May 15, 2018, and provides for related relief as set forth herein ("Preliminary Injunction"), and that, subject to Defendants' immediate compliance with the terms herein, (a) Defendants need not serve opposition to the Order to Show Cause and Juul's preliminary injunction application by May 18, 2018 as required by the OTSC, and (b) Juul agrees not to proceed with substantive proceedings in this matter for seven (7) days in order to negotiate with Defendants a redesign of the 3X pod design and packaging sufficient to resolve all issues between the Parties relating thereto, as alleged in the Verified Complaint.

**WHEREAS**, on May 18, 2018, the Parties' respective counsel reported to the Court through a conference call with this Court's Law Clerk, the foregoing matters, and the conditions agreed upon by Defendants were confirmed and jointly represented to the Court by said counsel.

**THEREFORE**, the Parties, by and through their respective undersigned counsel, each hereby agree to the entry of this Preliminary Injunction, including all related relief herein according to the following terms:

1. For the purposes of this Preliminary Injunction, "3X Product" shall mean the 3X pods referenced in the Verified Complaint, including the recently redesigned version of the 3X pod (a copy of which was forwarded to Juul's counsel via e-mail on 5/18/2018, and is hereinafter

2

referred to as the "Newly Designed 3X Packaging"), any 3X electronic nicotine vaporizer system (or sometimes also known as an "electronic cigarette" or "e-cigarette"), and any components thereof, and the product packaging containing the 3X pods and/or the electronic nicotine vaporizer system.

2.   Defendants, and each of them, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, and/or control of Defendants, and all those persons aiding, abetting, or acting in concert or participation with Defendants who receive actual notice of the Order by personal service or otherwise, shall be and hereby are preliminarily restrained, prohibited, and enjoined, pending final determination of this cause, from:

    a.   Directly or indirectly adopting, using, registering, or seeking to register any trademark, service mark or other type of mark, material, company, business or domain name, or other name, that would cause a likelihood of confusion with, tarnish, dilute, cause blurring, lessen the significance or value of, or otherwise infringe Juul's trademarks, trade dress or copyrights, as alleged in the Verified Complaint. Included within the meaning of a likelihood of confusion and infringement would be any mark, name, package, or product that would cause a false or misleading association, connection, sponsorship, or affiliation with or endorsement by Juul;

    b.   Manufacturing, shipping, delivering, holding for sale, advertising, marketing, promoting, displaying, transferring or otherwise moving,

3

        storing, distributing, renting, or otherwise disposing of, in any manner (including through operation of any website), the 3X Product and/or related products or colorable imitations thereof;

    c.    Further infringing Juul's trademarks and trade dress, and from injuring and damaging Juul's goodwill and reputation; and

    d.    Doing any act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or any of them and/or their products or services emanate from or that Defendants themselves are connected with, sponsored by endorsed by, or approved by or otherwise affiliated with Juul.

    3.    Defendants shall surrender, pursuant to 15 U.S.C. § 1118 and/or 17 U.S.C. § 503, for destruction all merchandise, advertisement and promotional materials, signage, and all other materials that bear the Juul Pod Logo Trademark and/or the Juul Packaging Trade Dress (as defined or otherwise used in the Verified Complaint), or any mark, name, or trade dress confusingly similar thereto, to the offices of its attorneys: Saiber LLC, One Gateway Center, 10th Floor, Suite 1000, Newark, New Jersey 07102, Attn: Arnold B. Calmann and Jakob B. Halpern. This obligation shall not apply to the approximately 200 – 300 boxes of 3X Product in the Newly Designed 3X Packaging, which product shall be included in the negotiations among the Parties under this Consent Preliminary Injunction.

    4.    Defendants, pursuant to 15 U.S.C. § 1116(a), shall file with the Court and serve upon Juul, within thirty (30) days of the entry of this Preliminary Injunction, a report in writing under oath setting forth in detail the form and manner in which they have complied with the Preliminary Injunction and all other terms set forth herein.

5. Pursuant to Section E of the OTSC, Defendants, their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, and/or control of Defendants, and all those persons aiding, abetting, or acting in concert or participation with Defendants who receive actual notice of the Order by personal service or otherwise, shall preserve, maintain, protect and not destroy or spoliate all e-mails, other electronic information, documents, tangible evidence and other forms of information referring or in any way relating to the subject matter of this case, Juul's trademarks and trade dress, and any and all matters arising from and relating to the matters referenced in and/or arising from the Verified Complaint, and shall not otherwise destroy, remove, or otherwise hinder or prevent the timely production of such e-mails, other electronic information, documents, tangible evidence, and other forms of information.

6. Pursuant to Section F of the OTSC, Defendants shall provide Juul with a list or other compilation of the identity, addresses, and phone numbers of all suppliers and manufacturers of the 3X Product or any product with the mark "3X," or any products under Defendants' possession, custody, and/or control that comprise a mark, name, or trade dress confusingly similar to the Juul Pod Logo Trademark and Juul Packaging Trade Dress or colorable imitations thereof, as referenced or otherwise used in the Verified Complaint, by no later than close of business, Tuesday, May 22, 2018.

7. For seven (7) days subsequent to the Court's entry of this Order, Plaintiff Juul agrees not to proceed with substantive proceedings in this matter in order to attempt to negotiate with Defendants to Juul's reasonable satisfaction, a redesign of the 3X Product design and packaging sufficient to resolve all issues between the Parties relating thereto as alleged in the

Verified Complaint and OTSC papers (hereinafter, "Amicable Resolution"). If, at the end of the foregoing seven (7) day period, no Amicable Resolution has been reached between the parties, and no further extensions are agreed upon of that time period, then Juul shall be free to proceed with this matter and all proceedings herein, and this matter shall go forward to a trial.

8. Defendants shall give notice of this Consent Preliminary Injunction by providing a copy of this Order as executed by the Court to each of their officers, directors, principals, agents, representatives, subsidiaries, affiliates, partners, successors, assigns, servants, employees, and attorneys, and any other corporate organizations, business entities, and/or persons under the possession, custody, control of Defendants, and all those persons aiding, abetting, or acting in concert or participation with Defendants.

9. Defendants acknowledge that they have been properly and validly served with the Complaint and OTSC papers in this action.

10. Defendants consent to the continuing jurisdiction of the Court for purposes of enforcement of this Preliminary Injunction, and hereby agree that venue and jurisdiction by this Court is proper and convenient. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Preliminary Injunction.

11. Defendants shall be liable and responsible for their acts or failures to act, jointly or severally, pursuant to the terms of this Consent Preliminary Injunction Order, and for compliance with and any breach thereof, except Defendants shall not be so liable or responsible for breach of this Consent Preliminary Injunction based on acts or failures to act by third-parties that are not within Defendants' possession, custody, or control unless those third-parties were acting or failing to act in concert with Defendants or with Defendants' participation.

12. (a) Juul's right is reserved to pursue, under U.S.C. § 1117 and/or N.J.S.A. 56:4-2, all profits obtained by Defendants based on their unlawful, willful, and unauthorized acts as alleged in the Verified Complaint, as well as all compensatory, consequential, statutory, special, and/or punitive damages, including treble damages to be determined at trial; including all interest, costs, and attorneys' fees incurred by Juul in prosecuting this action; and any and all other relief that this Court deems just and proper; and (b) Defendants' defenses, affirmative defenses, counterclaims, and third-party claims, if any, are expressly preserved.

13. Juul does not waive and expressly reserves the right to pursue any and all future claims that arise against Defendants, including claims arising from infringement of Juul's trademarks, trade dress, copyrights, or other intellectual property, whether now in existence or later arising. Defendants do not waive and expressly reserve the right to pursue any and all future claims that arise against Juul, whether now in existence or later arising.

Dated: May 22, 2018

_____
Arnold B. Calmann
SAIBER LLC
One Gateway Center
10th Floor, Suite 1000
Newark, New Jersey 07102
Tel.: 973.622.3333
Fax: 973.286.2465

Of Counsel:

Dennies Varughese, Pharm.D.
Robert G. Sterne (*pro hac vice*)
Monica Riva Talley (*pro hac vice*)
Nirav Desai (*pro hac vice*)
Jean Paul Y. Nagashima (*pro hac vice*)
STERNE KESSLER GOLDSTEIN & FOX, PLLC
1100 New York Ave., N.W., Suite 600
Washington, D.C. 20005-3934
Tel.: 202.371.2600

Respectfully submitted,

_____
Alan Golub
FEIN, SUCH, KAHN & SHEPARD, P.C.
7 Century Drive, 2nd Floor
Parsippany, New Jersey 07054
Tel: 973.538.4700
Fax: 973.397.2976

*Attorney for Defendants King Distribution LLC, Xtra Smoke Shop LLC, and Fadi Salim*

7

Fax: 202.371.2540

*Attorneys for Plaintiff Juul Labs, Inc.*

SO ORDERED this 22ND day of May, 2018.

_____
SUSAN D. WIGENTON
UNITED STATES DISTRICT COURT JUDGE

8